IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY *eg* D.C.

05 OCT 11 PM 3:04

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IRON WORKERS LOCAL UNION            )
NO. 167 HEALTH AND WELFARE PLAN     )
AND TRUST, et al.,                  )
                                    )
       Plaintiffs,                  )
                                    )
v.                                  )        Case No. 2:05cv02383 JDB-tmp
                                    )
DAVID O. WHITE, individually and    )
doing business as DOWCO CONSTRUCTION,)
                                    )
       Defendant.                   )

## ORDER ADMINISTRATIVELY CLOSING THE CASE

It appears to the Court that the parties have notified the Court that they have resolved their dispute in accordance with the Settlement Agreement attached hereto. The Defendant has until May 2006 to complete payments under the terms of the Settlement Agreement. Therefore, with the agreement of all parties to this action, the Court will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an Order administratively closing a case is purely an administrative device for the convenience of the Court and in no way affects the substantive and/or procedural rights of the parties in interests to proceed before this Court at a later date. To administratively close a case merely means to close for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It is also expressly emphasized that an administratively closed case can be easily reopened via a simple order of the Court without the necessity of a reopening filing fee

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on *10-12-05*

⑤

should the case require further administration.   Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination for the pending litigation.

2. In the even a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

IT IS SO ORDERED this 11th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

IRON WORKERS LOCAL UNION NO. 167
HEALTH AND WELFARE PLAN AND TRUST,
for itself and its co-Plaintiffs

By: _____
    James R. Newsom III (TDN 6683)
    Harris Shelton Hanover Walsh, PLLC
    2700 One Commerce Square
    Memphis, TN  38103
    (901) 525-1455
    Attorney for Plaintiffs

By: _____
    David O. White, individually and doing
    business as DOWCO Construction, an
    unincorporated business
    Defendant, Pro-se

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02383 was distributed by fax, mail, or direct printing on October 12, 2005 to the parties listed.

---

James R. Newsom
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Carmel A. Morgan
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Honorable J. Breen
US DISTRICT COURT